NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re MICRON TECHNOLOGY INC., MICRON CONSUMER PRODUCTS, GROUP, LLC.,**
*Petitioners*

2025-117

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 3:23-cv-05792-RFL, Judge Rita F. Lin.

**ON PETITION**

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

**O R D E R**

Micron Technology Inc. and Micron Consumer Products Group, LLC (collectively, "Micron") petition for a writ of mandamus directing the United States District Court for the Northern District of California to reverse its discovery order requiring Micron to produce in paper format 73 pages of what it characterizes as highly confidential source code. Yangtze Memory Technologies Company, Ltd. ("YMTC") and Yangtze Memory Technologies, Inc. (collectively, "respondents") oppose. We deny the petition.

BACKGROUND

YMTC filed this suit alleging Micron's 3D NAND products infringe YMTC's patents.[1] At the parties' request, the magistrate judge entered an agreed-upon protective order governing discovery. The order gives a limited group of people (including outside counsel, experts, and court personnel) access and review of source code. Appx269–70. Employees and officers of the parties are prohibited.

In addition to allowing for inspection on a secure computer, the order contemplated the ability to request and receive source code in paper copy format:

> At the request of the Receiving Party, and subject to any export control restrictions, the Producing Party shall provide paper copies ("Original Printouts") of portions of the materials on the Secure Computer that is requested by the Receiving Party and is reasonably necessary to facilitate the Receiving Party's preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.[2]

Several provisions facilitate access and limit risk of disclosure of such materials. Section 9(j) limits printing to no more than "1500 pages—including no more than 30 consecutive pages" and allows objections to be raised with the court. Appx276. Section 9(l) requires the receiving party to "maintain a record of any individual who has inspected any portion of the source code" and for any person receiving a copy to "maintain and store any paper copies of the material at their offices in a manner that prevents duplication of or unauthorized access." Appx276–77. And section 9(m)

---

[1] Micron asserted patent infringement counterclaims against respondents.

[2] Appx275–76.

requires paper copies to be destroyed if no longer in use. Appx277.

Under the terms of the order, respondents requested paper copies of 73 pages of source code materials related to Micron's fabrication processes used to manufacture Micron's 3D NAND products and the arrangement of fabricated elements of the products. Appx335. In November 2024, Micron filed its objections at the district court to providing such printed materials, noting that the material was considered its "most secure and sensitive Source Code" and that the threat of theft was "very real," as evidenced by a prior theft of its technology by a Taiwanese company. *Id.* Micron argued that the request was excessive and not reasonably necessary for case preparation. Appx336.

On December 12, 2024, the magistrate judge ordered Micron to provide the requested printouts to YMTC's outside counsel, concluding that the request, within the "presumptive limits" of the agreed-upon protective order, was "thoughtful and focused on materials needed for case preparation." Appx3. While recognizing the importance of the source code to Micron, the magistrate judge determined that the "strong protections" in the protective order were sufficient to safeguard against any risk of unauthorized disclosure. *Id.* Micron then moved the district judge for relief, arguing, among other things, the magistrate judge's order raised national security and foreign policy concerns given that YMTC is a Chinese state-owned company that the government has placed on a restricted export list. Appx363, 367. On January 14, 2025, the district court denied Micron's motion. This petition followed.

## DISCUSSION

Although a writ of mandamus may be used to protect confidential and sensitive information, *see In re United States*, 669 F.3d 1333, 1336 (Fed. Cir. 2012), the remedy is available only in "exceptional circumstances amounting to a judicial usurpation of power . . . or a clear abuse of

Case: 25-117   Document: 13   Page: 4   Filed: 02/26/2025

4                                          IN RE MICRON TECHNOLOGY INC.

discretion," *see Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (cleaned up). The petitioner seeking the writ must generally show a clear and indisputable right to issuance of the writ, that it has no other adequate method of attaining the desired relief, and that "the writ is appropriate under the circumstances." *Id.* at 380–81. Micron has not satisfied that standard.

The district court reasonably determined respondents' discovery request was not excessive or unreasonable and that the protective order is sufficient to prevent against duplication or unauthorized access. The request was for not more than 11 consecutive pages, well below the limit of 30 consecutive pages the parties agreed in the protective order YMTC could request, and was for a total of 73 pages, a small fraction of the limit of 1500 printed pages contemplated by that same order. Appx2–3.

Micron argues the district court failed to weigh the security concerns it raised to such access. We disagree. The record indicates both the magistrate judge and the district court judge considered the nature of the source code in question and potential risks. The magistrate judge's order, which the district judge described as well-reasoned, refers to Micron's own characterizations of the value of the information, and both judges gave plausible reasons for finding the threat of disclosure minimal. *See, e.g.*, Appx3 (noting "the strong protections in the protective order that will apply to the print outs"); Appx375 ("Moreover, the protective order includes sufficient procedures to prevent duplication or unauthorized access to the material.").

Consistent with the protective order, the district court's discovery order requires protection of the printed source code material to outside counsel, not to YMTC itself. The protective order prohibits YMTC from viewing the material. Micron's suspicion that counsel will fail to comply with the order and will instead allow the printouts to fall into the hands of its client is unsupported by anything

other than speculation. In effect, Micron is arguing the district court should have given more weight to the security and foreign policy risks that its source code could "fall[] into the wrong hands" through unauthorized disclosure to YMTC. Pet. at 35. However, we are not prepared to disturb the trial court's balancing of the interests on limited mandamus review based merely on Micron's conjecture that an individual might violate the protective order and subject themselves to appropriate sanctions.[3]

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

February 26, 2025
Date

Jarrett B. Perlow
Clerk of Court

---

[3] Given YMTC's assertion that "Micron's petition does not show or even say that the source code at issue here is subject to the" Export Administration Regulations, YMTC Resp. at 18 n.4, we trust that, if YMTC comes to take the view that it is not so subject and plans to act on that view, it will provide appropriate notice to Micron in time to permit Micron to raise the issue to the district court before YMTC acts on that view.